## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN HILL | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-02653 |
| | § | |
| SANDBOX TRANSPORTATION, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Defendant Sandbox Transportation, LLC, ("Sandbox Transportation"), and in response to the Original Complaint filed in this matter (Doc. No. 1), states as follows:

1. Paragraph 1 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

2. Paragraph 2 states legal conclusions for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

3. The allegations in Paragraph 3 are vague because the term "routinely" is not defined. Sandbox Transportation therefore denies the allegations in paragraph 3.

4. Sandbox Transportation denies the allegations of Paragraph 4.

5. Sandbox Transportation denies the allegations of Paragraph 5.

6. Sandbox Transportation denies the allegations of Paragraph 6.

7. Paragraph 7 states legal conclusions regarding the damages Plaintiff seeks, for which no answer is required. To the extent this Paragraph contains any allegations of fact, they are denied.

8. The allegations in paragraph 8 are vague because "the relevant time period" is not defined. Sandbox Transportation admits that Plaintiff worked for it and that he was not paid an overtime rate during some portion of his employment and denies any remaining allegations of fact in Paragraph 8.

9. Sandbox Transportation admits the allegations of Paragraph 9.

10. Sandbox Transportation admits the allegations of Paragraph 10.

11. Sandbox Transportation denies the allegations of Paragraph 11.

12. Sandbox Transportation denies the allegations of Paragraph 12.

13. Sandbox Transportation admits the allegations of Paragraph 13.

14. Sandbox Transportation denies the allegations of Paragraph 14.

15. Sandbox Transportation admits that it is a trucking company headquartered in Houston, Texas, providing sand hauling and delivery services to the oil and gas industry throughout the United States, but denies the remaining allegations of Paragraph 15.

16. Sandbox Transportation denies the allegations of Paragraph 16.

17. Sandbox Transportation admits that Plaintiff has worked for Sandbox as a Forklift Operator since November 29, 2017.

18. Sandbox Transportation admits the allegations of Paragraph 18.

19. Sandbox Transportation denies that Plaintiff was entitled to overtime compensation. Sandbox Transportation otherwise admits the allegations of Paragraph 19.

20. Sandbox Transportation admits the allegations in Paragraph 20.

21. The allegations in paragraph 21 are vague because "regularly" is not defined. Sandbox Transportation therefore denies the allegations in Paragraph 21.

22. Paragraph 22 states a legal conclusion for which no answer is required. To the

extent this Paragraph contains any allegations of fact, they are denied.

23. Sandbox Transportation incorporates its previous answers.

24. Paragraph 24 states a legal conclusion for which no answer is required.

25. Paragraph 25 states a legal conclusion for which no answer is required.

26. Paragraph 26 states a legal conclusion for which no answer is required. Sandbox Transportation admits its annual gross volume of sales or business done is not less than $500,000.

27. Sandbox Transportation admits the allegations of Paragraph 27.

28. Paragraph 28 states a legal conclusion for which no answer is required.

29. Sandbox Transportation denies the allegations of Paragraph 29.

30. Paragraph 30 states a legal conclusion for which no answer is required.

31. Sandbox Transportation denies the allegations of Paragraph 31.

32. Sandbox Transportation incorporates its responses in paragraphs 1-31.

33. Sandbox Transportation denies the allegations of Paragraph 33.

34. Sandbox Transportation denies the allegations of Paragraph 34.

35. Sandbox Transportation denies the allegations of Paragraph 35.

36. Sandbox Transportation denies the allegations of Paragraph 36.

37. Sandbox Transportation denies the allegations of Paragraph 37.

38. Sandbox Transportation is without knowledge sufficient to form a belief and therefore denies the allegations of Paragraph 38.

39. Sandbox Transportation denies the allegations of Paragraph 39.

40. Sandbox Transportation denies the allegations of Paragraph 40.

41. Sandbox Transportation denies that Plaintiff is entitled to the relief requested in Paragraph 41.

## **AFFIRMATIVE DEFENSES**

Sandbox Transportation asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Sandbox Transportation and that are Plaintiff's burden to prove. Sandbox Transportation reserves the right to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

1. This Court is not the appropriate or most convenient venue, including under the *forum non conveniens* doctrine and 28 U.S.C. § 1404.

2. The Plaintiff's Original Complaint fails in whole or in part to state a claim or cause of action for which relief may be granted.

3. Plaintiff is not entitled to the damages sought because at all times Sandbox Transportation acted in good faith in the belief that it was not in violation of any of the provisions of the Fair Labor Standards Act ("FLSA").

4. Plaintiff was exempt from the overtime provisions of the FLSA, including pursuant to the FLSA's statutory exemptions set forth in 29 U.S.C. § 213.

5. In particular, Plaintiff is not entitled to the damages sought and is barred from bringing Plaintiff's claims because Plaintiff's work for Sandbox Transportation was subject to the authority of the United States Secretary of Transportation under the Motor Carrier Act. Accordingly, Plaintiff's claims are subject to the Motor Carrier Act exemption set forth in 29 U.S.C. § 213(b)(1).

6. Plaintiff is not entitled to attorney's fees and costs because Sandbox Transportation complied with all federal laws and at all times acted in good faith.

7. Plaintiff's claims occurring more than two years prior to the time of the filing of the current action are barred by the applicable statute of limitations.

8. Sandbox Transportation's actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

9. Sandbox Transportation did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law, nor did it exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

10. Sandbox Transportation acted at all times in good faith and in conformity with and in reliance on the written administrative regulation, order, ruling, approval, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

11. Plaintiff's claims are barred in whole or in part because Plaintiff seeks to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA or any other state law.

12. Plaintiff's claims fail because at all times Plaintiff has been paid all compensation due and owing in accordance with applicable law.

13. Any claims for overtime compensation and/or liquidated damages are barred or subject to offset by all wages already paid or other compensation provided.

14. Any claims for recovery of overtime compensation and/or liquidated damages are barred for hours allegedly worked without Sandbox Transportation's actual or constructive knowledge.

15. To the extent Plaintiff is entitled to any additional alleged overtime pay, Plaintiff would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

16. Any preliminary and/or postlliminary time for which Plaintiff seeks compensation is non-compensable and barred by 29 U.S.C. § 254.

17. Plaintiff is not entitled to compensation for time spent on activities that were not compensable work under the FLSA and that were not an integral and indispensable part of the Plaintiff's principal job duties.

18. All or part of each claim asserted by Plaintiff is barred by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

19. Plaintiff's claims are barred by the doctrines of waiver and release, and accord and satisfaction.

20. Plaintiff failed to mitigate Plaintiff's losses, if any.

21. Plaintiff's claims are estopped and/or barred by Plaintiff's own conduct.

Respectfully submitted,

*/s/Andrew P. Burnside*
Andrew P. Burnside, TX Bar No. 24061200
S.D. Tex No. 924772
Attorney-in-charge
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648.3840
Facsimile:   (504) 648.3859
Email: drew.burnside@ogletreedeakins.com

**ATTORNEYS FOR SANDBOX TRANSPORTATION, LLC**

6

**OF COUNSEL:**
Samantha Seaton
Texas Bar No. 24088382
S.D. Tex No. 2182853
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas  77002
713.655.0855
713.655.0020 (Fax)
samantha.seaton@ogletreedeakins.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2018, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing.  A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

    Clif Alexander, Esq.
    clif@a2xlaw.com
    Lauren E. Braddy, Esq.
    lauren@a2xlaw.com
    Alan Clifton Gordon
    cgordon@a2xlaw.com
    Carter T. Hastings
    carter@a2xlaw.com
    ANDERSON ALEXANDER, PLLC
    819 N. Upper Broadway
    Corpus Christi, Texas 78401

                                          */s/Andrew P. Burnside*
                                          Andrew P. Burnside